```
                                          CLERK US DISTRICT COURT
                                           NORTHERN DIST. OF TX.
                                                  FILED
                                            2017 OCT -3  AM 8:56

                                            DEPUTY CLERK
```

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| MARIANN MESECHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:15-CV-0859-BL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

On March 15, 2017, the Court reversed the decision of the Commissioner of Social Security and remanded this case for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).[1] No appeal has been taken from this judgment and the same is now final. The Court has under consideration Plaintiff's Counsel's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (doc. 26) filed on June 13, 2017. Defendant filed a timely response agreeing that Plaintiff may be entitled to an award of fees under the EAJA and stating no objection to the reasonableness of the hours worked, but objecting to the requested hourly rate of $190.00. *See* Def.'s Resp. (doc. 27). In reply, Plaintiff agrees that the Dallas-Fort Worth Consumer Price Index ("CPI") provides the appropriate basis for calculating fees and thus adjusts the fee request to $8,242.10 as calculated under that CPI. *See* Pl.'s Reply (doc. 28). For the reasons that follow, the Court agrees that Plaintiff is entitled to fees and that the Dallas-Fort Worth CPI provides the appropriate starting point for calculating the fees. Accordingly, it grants the motion for fees only in part as set out herein.

---

[1] Based upon the parties' Consent to Proceed Before a United States Magistrate Judge (doc. 13), the United States District Judge reassigned the case to the undersigned pursuant to 28 U.S.C. § 636(c). *See* Order of Transfer (doc. 15).

Through her motion and pursuant to 28 U.S.C. § 2412, Plaintiff seeks attorney fees in the amount of $8,303.00, representing a request for 43.7 hours at an hourly rate of $190.00. Plaintiff provides no proof of that hourly rate with the motion. Defendant argues that the failure to provide proof of an acceptable higher hourly rate limits the rate to $125.00. Alternatively, Defendant argues that, if the Court finds fees warranted and is inclined to allow Plaintiff to provide proof that an enhanced hourly rate is warranted, she submits that the proper rates are $185.96 for 2015, $188.68 for 2016, and $191.33 for 2017. Under this alternative, Defendant calculates the fee as $8,242.10, based upon 2.5 hours in 2015, 39.7 hours in 2016, and 1.5 hours in 2017. In reply, Plaintiff agrees with those rates and explains that the oversight in using the wrong rate could have been avoided had Defendant conferred about the motion.

"An award of attorney's fees rests within the sound discretion of the trial court." *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986). Under the EAJA, a party in a civil action brought by or against the United States is entitled to recover attorney fees from the United States if four requirements are met: (1) the party is a prevailing party, (2) the party timely files a fee application, (3) the Court finds the position of the government was not substantially justified, and (4) no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B). Having carefully considered the record, the Court finds that Plaintiff is a prevailing party and timely filed the fee application. It also finds that the Commissioner's position was not substantially justified and no special circumstances make it unjust to award fees. Plaintiff has shown that she is entitled to an award for attorney fees and Defendant does not significantly dispute this issue.

The EAJA further provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per

2

hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* § 2412(d)(2)(A)(ii). The Supreme Court has recognized that any adjustment made under the EAJA as the result of an increase in the cost of living is made to the statutory cap and when reviewing the special factors provision, the Court considered the statutory "cap (adjusted for inflation)" separately from that provision. *See Pierce v. Underwood*, 487 U.S. 552, 571-74 (1988). The Fifth Circuit has likewise held that an adjustment for inflation is appropriately applied to the rate of the statutory cap. *Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995). Thus, upon the receipt of proper proof of an increase in the cost of living, the courts should make an appropriate adjustment to the statutory cap and this adjusted cap "cannot be exceeded absent a finding of other special factors not specifically delineated in the statute." *Id.*

The EAJA does not specify any particular method or any particular data to use for computing the increase in the cost of living. Although Plaintiff initially sought fees at a set $190.00 rate, she modified the request to conform to the CPI for the Dallas-Fort Worth area of Texas. That is the most appropriate data for the computation because it is most applicable to the area in which the court is located. *Id.* Use of such data promotes fee rates that are "uniform within a particular district court division." *Bates v. Colvin*, No. 3:13-CV-1659-L, 2014 WL 2547060, at *4 (N.D. Tex. June 5, 2014) (accepting recommendation of Mag. J.); *accord Hall*, 50 F.3d at 370 (requiring uniformity within the New Orleans district courts); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (requiring uniformity in "fee awards in the Dallas district courts").

Plaintiff seeks an award for 43.7 hours of attorney work performed. Defendant does not contest the hours sought. Under the EAJA, a typical fee applicant claims "between thirty and forty

3

hours" for attorney work. *Hardy v. Callahan*, No. 9:96-CV-257, 1997 WL 470355, at *9 & n.10 (E.D. Tex. Aug. 11, 1997) (recommendation of Mag. J. citing sixteen supporting cases); *accord Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215 & n.2 (C.D. Cal. 2000) (surveying "several dozen cases in which attorney's fees were awarded in social security cases," concluding that 33.75 hours "falls within the approved range," and citing numerous cases in a footnote). Another court has noted that typical cases "generally range from twenty to forty hours." *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987). These typical ranges correspond with this Court's experience.

While recovery of more than forty hours may be atypical, "determination of attorney's fees under the EAJA is based on reasonableness, not necessarily what is considered typical." *Johns v. Colvin*, No. 3:13-CV-4420-BH, 2016 WL 1366267, at *4 (N.D. Tex. Apr. 6, 2016) (citing 28 U.S.C. § 2412). Nevertheless, a case does not generally justify finding "more than forty hours" reasonable when it involves no "particularly complex factual issues"; mostly "straightforward and understandable" medical evidence; and non-difficult legal issues that are not "matters of first impression." *Hardy*, 1997 WL 470355, at *9. These factors remain pertinent to the reasonableness inquiry even when a request for attorney compensation lies within the typical range.

The courts exercise their discretion to award attorney's fees while remaining mindful "that the fee applicant bears the burden of documenting the appropriate hours expended and hourly rates." *Abrams*, 805 F.2d at 535-36 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983)). In addition, when "the documentation is inadequate," the court's discretion includes "reduc[ing] the award accordingly." *Id.* The Fifth Circuit "has repeatedly warned applicants that they take their chances that the . . . court will reject or reduce fee awards if they submit vague or incomplete applications." *Tyler v. Cedar Hill Indep. Sch. Dist.*, 433 F. App'x 265, 267 (5th Cir. 2011) (per curiam) (citation

and internal quotation marks omitted). However, despite the warning, it remains within the discretion of the courts as to whether to permit the applicant to provide more specific or additional information. *Id.*

In this case, Plaintiff provided documentation regarding hours claimed but did not provide sufficient information regarding the proper hourly rate with her motion. Nevertheless, she agrees that the Dallas-Fort Worth CPI provides the proper basis for determining the hourly rate. Having reviewed the record of this case, the Court finds that the number of hours sought in the fee petition is reasonable and well supported. Plaintiff has adequately explained why she requested more than the typical hours. Defendant, furthermore, has asserted no disagreement with an award for 43.7 hours of attorney fees.

In addition, the Court sees no reason not to consider the information regarding the proper CPI in calculating the appropriate fee in this case. Not only did Plaintiff provide the attorney hours claimed but, unlike some types of cases, the appropriate hourly rate is determined by applying the proper CPI. Use of the proper CPI results in about a $60 reduction in claimed fees. Based on the briefing and the certificate of conference attached to the motion, it appears that additional conferring on the motion might have resolved this issue. The certificate indicates that conference attempts were thwarted by scheduling conflicts, the approaching filing deadline, and the lack of a complete filing available for review. Defense counsel states in response to the motion that he informed opposing counsel of the requirement for justification for enhanced fees broken down by year, but counsel for Plaintiff states in reply that defense counsel preferred the filing of the motion before negotiating fee issues. Regardless, the conference requirement is intended for parties to discuss matters before filing a motion. While it is certainly the movant's burden to provide relevant information regarding the

attorney fee issues, proper conferring could have saved the parties and the Court valuable time.

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Plaintiff's Counsel's Motion for Attorney Fees under the Equal Access to Justice Act (doc. 26). It grants the motion to the extent it finds that an award of fees is warranted and that the requested hours are reasonable, but it denies it to the extent that Plaintiff initially sought an hourly rate that differs from the applicable CPI. Nevertheless, the Court has used the applicable CPI to calculate the proper hourly rates for the years of service. It thus finds that Plaintiff should be awarded attorney fees in the amount of **$8,242.10**, representing 43.7 hours of attorney time at the appropriate rates in accordance with the CPI. The Court further finds that, pursuant to *Astrue v. Ratcliff*, 560 U.S. 586, 593 (2010), the fee award should be made payable directly to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion is **GRANTED IN PART**. Plaintiff is awarded attorney fees pursuant to EAJA in the amount of **$8,242.10**, directly payable to Plaintiff. To the extent that an award of attorneys fees in excess of this amount was sought, such motion is **DENIED IN PART**.

SO ORDERED this 3rd day of October, 2017.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**